UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH SMITH,

        Plaintiff,

v.

KALAMAZOO COUNTY
CIRCUIT COURT, *et al.*,

        Defendants.
_____/

Case No. 1:25-cv-464

Hon. Hala Y. Jarbou

**REPORT AND RECOMMENDATION**

This is a civil action brought by *pro se* plaintiff Kenneth Smith, a convicted felon and formerly a prisoner in the custody of the Michigan Department of Corrections (MDOC). Plaintiff filed this lawsuit after his release from prison. For the reasons set forth below, this action should be dismissed.

    **I.**    **Plaintiff's pleading**

    **A.**    **Plaintiff's conviction violated the Constitution**

At its core, plaintiff's complaint contests the validity of his convictions. Specifically, plaintiff alleged that his convictions were unconstitutional, stating "I have sustained 25 years of incarceration without any charges filed against me." Compl. (ECF No. 1, PageID.23). In this regard, plaintiff contests his alleged wrongful conviction in the Kalamazoo County Circuit Court (9th Circuit Court) and includes related claims that various judges denied his state habeas actions. For his relief, plaintiff wants his charges for second degree murder, felony firearm, and

habitual offender removed from his record. PageID.24. Plaintiff also wants over $450,000,000.00 in damages.[1]

Plaintiff sued 17 defendants which he identified in having a role in his unconstitutional convictions and his unsuccessful state court habeas petitions related to those convictions: Kalamazoo County Circuit Court (9th Circuit Court); former Judge J. Richardson Johnson (9th Circuit); Assistant Prosecutor Judith C. Kasson; Judge Paul J. Bridenstine (named as "Brienstine") (9th Circuit Court); Judge Suzanne Hoseth Kreeger (8th Circuit Court); Judge James P. Lambros (50th Circuit Court); Judge P. William O'Grady (15th Circuit Court); Judge W. Clayton Graham (11th Circuit Court); Judge Randy L. Tahvonen (29th Circuit Court); Judge Shannon L.W. Schlegel (29th Circuit Court); Michigan Supreme Court (MSC) Justice Robert P. Young, Jr.; MSC Justice Stephen J. Markman; MSC Justice Mary Beth Kelly; MSC Justice Brian K. Zahra; MSC Justice Bridget M. McCormack; MSC Justice David F. Viviano; and, MSC Justice Richard H. Bernstein.

Plaintiff's allegations are summarized as follows. Plaintiff's convictions arose from the shooting death of Garry Brown on the night of June 6, 1989, on Fort Custer Drive between Battle Creek and Kalamazoo, Michigan. Compl. at PageID.10. Plaintiff was convicted of various crimes in Kalamazoo County Circuit Court in August 1990, and sentenced to mandatory life in prison and a two-year consecutive sentence on October 1, 1990. *Id*. On March 25, 1994, Kalamazoo County Circuit Court Judge Richard Ryan Lamb granted plaintiff's motion for a new trial. PageID.11. Plaintiff alleged that Judge Lamb's decision was affirmed on appeal (in his words):

---

[1] It appears that plaintiff wants $25,000,000.00 from defendant Kalamazoo County, $168,000,000.00 from listed individual defendants ($7,000,000.00 from 24 individuals, PageID.24-25), $12,750,000.00 from another group of individual defendants ($750,000.00 from 17 individuals, PageID.25-26), and $250,000,000.00 for mental anguish (PageID.26).

2

The Kalamazoo County prosecutor's office appealed from the order to the Michigan Court of Appeals. In an unpublished opinion dated July 9, 1996, the Michigan Court of Appeals affirmed the trial court's order granting of a new trial, finding that Plaintiff was denied his 6th amendment right to a jury drawn from a fair cross section of the community. People v. Kenneth Smith, COA# 134460, 175350, July 9, 1996. The prosecution filed for leave to appeal in the Michigan Supreme Court, which was denied leave to appeal. People v. Kenneth Smith 454 Mich. 888, 562 NW2d 784 (1997). The case was order back to the Kalamazoo County Circuit Court of a new trial.

PageID.11.

Plaintiff was set to be re-arraigned on May 19, 1997. PageID.12. However, plaintiff "was never re-arraigned on any new or amended felony information." *Id*. In this regard, defendant Assistant Prosecutor Judith C. Kasson "never filed any new or amended felony information in 1997." *Id*.

On August 27, 1997, Judge Johnson "committed fraud upon the court when he claimed that the felony information in this case contains two counts." PageID.12-13. In addition, Judge Johnson, "committed a fraud upon the court when he knew that there was no new or amended felony information filed after Plaintiffs [sic] convictions and sentences was vacated." *Id*.

Plaintiff alleged nothing from August 27, 1997 through November 28, 2011, creating a 14-year gap in his complaint.

While plaintiff alleged that he was incarcerated for 25 years without having any charges filed against him (PageID.23), plaintiff fails to allege how he ended up in prison. In reciting the history of this case, plaintiff failed to mention that on August 27, 1997, he pled guilty to two counts (second degree murder and felony firearm), as well as to being a second habitual offender. *See People v. Kenneth Clarence Smith*, Case No. E90-0548-FC (9th Cir. Ct.) (Judgment of Sentence) (Sept. 24, 1997); *People of the State of Michigan v. Kenneth Smith*, Nos. 134460 and

3

175350 (Mich. App. July 9, 1996).[2] After the plea, Judge Johnson sentenced plaintiff to 35 to 55 years for Count 1 (second degree murder) and two years for Count 2 (felony firearm). *Id*.

Resuming with the complaint, in 2011, plaintiff apparently began searching for records related to the 1997 proceedings. For example, plaintiff alleged that on November 28, 2011, he received a response to a request for copies of court records from case E90-0548-FC. *Id*. at PageID.13. On January 12, 2012, plaintiff received an order and opinion from Judge Johnson "denying Plaintiff's request for the re-arraignment transcript of May 19, 1997." *Id*. at PageID.14. Plaintiff filed a number of post-judgment motions commencing on March 24, 2012 claiming newly discovered evidence, actual innocence and miscarriage of justice. *Id*.

On May 26, 2015 defendant Judge Paul J. Bridenstine "denied the motion requesting copy of the re-arraignment transcripts for May 19, 1997." *Id*. at PageID.16. Plaintiff further alleged (in his words):

> On November 1, 2016, Plaintiff received an order from Defendant Paul J. Bridenstine Ex Parte order correcting judgment of sentence and stated: "defendant was charged in a two count information filed on May 21, 1990 with possession of a firearm while committing a felony, contrary to MCL. 750.227b." This prove that no amended or new felony information was filed in 1997 after the court of appeals vacated Plaintiff's convictions and sentences and ordered a new trial.

---

[2] Case No. E90-0548-FC is plaintiff's Kalamazoo County Circuit Court criminal case which is at issue in this lawsuit. As discussed, the Michigan Court of Appeals (MCA) vacated plaintiff's convictions and remanded the case for a new trial on July 9, 1996. *See* Compl. (ECF No. 1, PageID.11) (referencing MCA Case Nos. 134460, 175350). Plaintiff has not provided copies of the trial court records. The 1997 Judgment of Sentence appears as part of a habeas petition plaintiff filed in a different federal court in 2020. *See Kenneth Smith v. Michigan Department of Corrections and John Christiansen*, 2:20-cv-12885 (E.D. Mich.) (ECF No. 1, PageID.38). The federal court's opinion dismissing this habeas petition appears *sub nom Kenneth Smith v. John Christiansen*, 2021 WL 2258417 (June 3, 2021), and states in pertinent part,

> Kenneth Smith is serving a lengthy sentence for second-degree murder and felony-firearm convictions arising out of guilty pleas in Kalamazoo Circuit Court. He has now filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The petition, however, does not challenge the validity of Smith's convictions. Rather, Smith contests the forfeiture of 1,171 days of disciplinary credits after he was found guilty at a prison disciplinary proceeding of inciting a riot or strike.

*Smith*, 2021 WL 2258417 at *1.

*Id*. at PageID.17.

Plaintiff claims that his convictions were invalid because the trial judge(s) in the Kalamazoo County Circuit Court failed to hold a re-arraignment or to address the absence of new or amended charges. *See* PageID.7. According to plaintiff, "the judge allowed plaintiff to remain incarcerated without valid charges or justification which may constitute a deprivation of Plaintiff [sic] due process rights." *Id*.

Plaintiff also alleged that the prosecutor's failure to file amended charges or to file a new felony information after the previous convictions were vacated "could be viewed as neglect of their duty to properly initiate legal proceedings following the appellate court's decision" and "left Plaintiff in a legal limbo, which resulted in Plaintiff [sic] prolonged and unlawful incarceration." PageID.7.

Plaintiff's also alleged that the following judges acted corruptly because they refused or neglected to consider his state claims for habeas corpus on these unconstitutional convictions: Judge Suzanne Hoseth Kreeger (refused to consider a habeas corpus matter); Michigan Supreme Court Justices Robert P. Young Jr., Stephen I. Markman, Mary Beth Kelly, Brian K. Zahra, Bridget M. McCormack, David F. Viviano, and Richard H. Bernstein (refused to consider writ of habeas corpus); Judge James P. Lambros (refused to consider a habeas corpus matter); Judge W. Clayton Graham (refused to consider a habeas corpus matter); former Judge J. Richardson Johnson (refused to consider a habeas corpus matter); Judge Shannon L. W. Schlegel (refused to consider a habeas corpus matter); and, Judge Randy L. Tahvonen (transferred a habeas corpus matter to defendant Judge Schegel).

### B.     Plaintiff's claim against two clerks

Plaintiff also sued two county or court clerk employees for matters which occurred after his convictions: Unknown Party #1 Melanie Unknown; and, Jessica Boelenberg (sometimes referred to as "Bodenberg").  Plaintiff alleged that these two clerks did not provide him with requested documents.  On November 28, 2011, defendant "Melanie" advised plaintiff that the re-arraignment transcripts of May 19, 1997 had not been transcribed and sent plaintiff a motion to fill out and return to the Court.  PageID.13.  On February 8, 2012, Melanie responded that plaintiff's request was "unclear" as to which documents plaintiff was requesting.  PageID.14-15.  On March 19, 2012, Melanie responded to plaintiff's requests for documents.  However, "Plaintiff was sent everything but the requested documents which give the circuit court subject matter jurisdiction and personma [sic] jurisdiction." PageID.15.

More than four years later, on April 8, 2016, plaintiff requested copies of the complaint, warrant, district court register of action, and felony information.  PageID.16.  Although it is not entirely clear from the complaint, it appears that defendant Boelenberg responded to the request on or about April 21, 2016, stating that plaintiff was sent the information back on October 31, 2012.  *Id*.  Plaintiff alleged that he was sent documents from 1990, not 1997 "when Plaintiff [sic] convictions and sentencing was tossed out and a new trial order [sic]".  *Id*.  On May 2, 2016, plaintiff requested the complaint, warrant and felony information filed in 1997 related to a new trial.  *Id*.  Plaintiff received a response on May 11, 2016 from Boelenberg that "I am not finding a case from 1997", and that "[t]here are documents in your 1990-0548-FC Case that was filed in 1997." *Id*.

6

### C.   Plaintiff's claims against "M.D.O.C. High Level Prison Officials" during 2013, 2017, and 2019

Plaintiff also sued five MDOC defendants for matters which occurred after his convictions: MDOC Director Heidi Washington; Lakeland Correctional Facility (LCF) Administrative Officer Pat Popoff; LCF Records Office Supervisor Melissa Lewis; Kinross Correctional Facility (KCF) Record Office Supervisor C. Corenier (also referred to as "C. Grenier"); and, TCU [sic] Manager Cynthia Partridge. Plaintiff alleged that these MDOC officials violated his rights.

In April 2013, plaintiff wrote to defendants Popoff and Lewis at LCF requesting copies of his 1997 felony information. They advised plaintiff that there was no document of that name and were unable to meet his request. PageID.17.

In January and December 2018, plaintiff wrote to other prison officials about the "1997 felony information". In short, none of them provided a copy of the requested documents. Plaintiff identified defendant Grenier and non-party D. Taylor as involved as the respondents in those requests. PageID.17-18.[3]

In addition, plaintiff alleged that he filed a grievance on January 18, 2019. Plaintiff does not identify the nature of the grievance. Defendant Partridge denied the grievance at Steps I and II, and defendant Washington was involved in denying the grievance at Step III (*i.e.*, "On March 19, 2019, Plaintiff [sic] Step 3 was received by the M.D.O.C. Defendant Hedie [sic] Washington, Director of the M.D.O.C., which also was denied."). PageID.18.

---

[3] The Court notes that plaintiff's list of defendants does not include "D. Taylor" (see PageID.2-5), and this person is not listed on the docket sheet. However, at times, plaintiff refers to "D. Taylor" as a defendant. *See* PageID.18.

### D. Defendants with no allegations against them

Finally, plaintiff sued 21 defendants without alleging any misconduct against them: Kalamazoo County Prosecutor Jeffrey Gettings; Former Kalamazoo County Prosecutor Jeffrey Fink; Kalamazoo County Clerk Connie L. Branch; Judge Stephen D. Gorsalitz (9th Circuit); Michigan Assistant Attorney General James E. Long; Michigan Assistant Attorney General Laura Moody; Kalamazoo County Corporation Counsel Thomas M. Canny; Branch County Clerk Teresa Kubasiak; Chief Clerk Michigan Court of Appeals Larry S. Royster; Kimberly S. Hauser (District Clerk Michigan Court of Appeals); Gregory R. Bosma (trial attorney); Deputy Clerk Michigan Supreme Court Inger Z. Meyer; former Michigan Attorney General Bill Schuette; Kalamazoo County Prosecutor James Gregart; LCF Administrative Assistant James Lyon; LCF Warden Bonita J. Hoffner; Central Michigan Correctional Facility (STF) Warden John Christians; Chippewa Correctional Facility (URF) Warden Jeffrey Woods; Bellamy Creek Correctional Facility (IBC) Warden Kenneth McGee; Newberry Correctional Facility (NCF) Warden Mitch Perry; and, former MDOC Director Daniel Heyns.

### E. Plaintiff did not provide exhibits referenced in the complaint

Finally, plaintiff claims to have attached 65 exhibits (identified as A-Z, AA-ZZ, and AAA-MMM). PageID.28-30. These listed exhibits appear to be a record of the state court proceedings related to his conviction and his post-conviction activities from July 9, 1996 ("Michigan C.O.A. order granting defendant's new trial") through June 1, 2021 ("Court order denying Petitioner's writ of habeas corpus in Gratiot"). *Id.* However, plaintiff has attached nothing to the complaint.

## II.    Discussion

### A.    Failure to state a claim

Plaintiff purports to bring this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of the Fifth, Sixth, and Fourteenth Amendments. Plaintiff also claims that defendants violated 42 U.S.C. §§ 1985 and 1986. PageID.23-26.

Section 1983 "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem*, Ohio, 378 F.3d 566, 576 (6th Cir. 2004). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Plaintiff's claim under 42 U.S.C. § 1985 appears to allege a conspiracy to interfere with civil rights as set forth in 42 U.S.C. §1985(3), which involves "an agreement between two or more persons to injure another by unlawful action." *Gerber v. Herskovitz*, 14 F.4th 500, 511 (6th Cir. 2021) (internal quotation marks omitted). "The claimant must show that (1) a single plan existed, (2) [the defendant] shared in the general conspiratorial objective to deprive [the plaintiff] of his constitutional (or federal statutory) rights, and (3) an overt act was committed in furtherance of the conspiracy that caused injury to [the plaintiff]." *Id*. (internal quotation marks omitted).

Finally, 42 U.S.C. §1986 applies when a person, acting under color of law "has knowledge that an act mentioned in § 1985 is about to be done, has the power to prevent the same, and fails to act." *Bergman v. United States*, 551 F. Supp. 407, 415 (W.D. Mich. 1982). "It can only be pleaded once a Plaintiff has sufficiently alleged a § 1985(3) violation." *Id*.

The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915. *See* Order (ECF No. 5). For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[.]" In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendant a fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

### B.    Defendants with no allegations

As discussed, plaintiff did not set forth any allegations against the following defendants: Jeffrey Gettings; Jeffrey Fink; Connie L. Branch; Judge Stephen D. Gorsalitz; James E. Long; Laura Moody; Thomas M. Canny; Teresa Kubasiak; Larry S. Royster; Kimberly S. Hauser; Gregory R. Bosma; Inger Z. Meyer; Bill Schuette; James Gregart; James Lyon; Bonita J. Hoffner; John Christians; Jeffrey Woods; Kenneth McGee; Mitch Perry; and, Daniel Heyns. Plaintiff has failed to allege any facts to support a plausible claim against these individuals. *See Iqbal*, 556 U.S. at 678. Accordingly, these defendants should be dismissed pursuant to §1915(e)(2)(B)(ii).

### C.    Judges and assistant prosecutor

As discussed, plaintiff is contesting the validity of his convictions and wants this Court to have his second degree murder, felony firearm, and habitual offender charges "removed" from his record. PageID.23-24. In short, plaintiff wants the Court to vacate his convictions. While plaintiff demands an astronomical amount of damages for alleged constitutional violations, the Court views this lawsuit as an untimely habeas petition masquerading as a civil rights claim.

As this Court previously explained, a prisoner's § 1983 civil rights complaint which challenged the validity of state-court convictions and sentences should have been brought as a habeas action pursuant to 28 U.S.C. § 2254. In addition, to the extent that a prisoner requests damages for the alleged invalid convictions, claims for damages are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994):

> A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir.1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state

11

law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994).

Although Plaintiff does not invoke 28 U.S.C. § 2254, the Court is unable to construe the allegations of the complaint as anything other than a challenge to his state-court convictions and his current confinement. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec.10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir.1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383. In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir.1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated. Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted.

*Matthews v. Berguis*, No. 1:07-cv-897, 2008 WL 205207 at *2-3 (W.D. Mich. Jan. 18, 2008).

For these same reasons, plaintiff's civil rights claims against the state court judges and the assistant prosecutor, all of which challenge the validity of his convictions, should be dismissed.[4] Furthermore, to the extent that plaintiff claims millions of dollars of damages related to his incarceration, any such claims are barred by *Heck* until his criminal convictions have been invalidated. Accordingly, all of the claims against the state court judges and the assistant prosecutor should be dismissed pursuant to §1915(e)(2)(B)(ii).

### C. Claims against clerks and MDOC defendants

#### 1. Clerks

Plaintiff alleged that two county or court clerks, defendants Melanie Unknown and Jessica Boelenberg, violated his civil rights when they failed to send him documents in 2011, 2012 and 2016. Plaintiff's claims are barred by the statute of limitations.

> Although the statute of limitations is an affirmative defense, courts have held that a complaint may be dismissed sua sponte under § 1915 if the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to establish it.

*Hood v. United States Postal Service*, No. 1:15-cv-434, 2015 WL 10376324 at *1 (W.D. Mich. May 15, 2015). *See Dellis v. Corrections Corporation of America*, 257 F.3d 508, 511 (6th Cir. 2001) (a complaint may be dismissed as frivolous if it is time-barred by the appropriate statute of limitations); *Jones v. Wright*, No. 2:06-cv-190, 2006 WL 3837652 at *3 (W.D. Mich. Dec. 29, 2006) ("The Sixth Circuit has held that sua sponte dismissal is appropriate under § 1915(e)(2) when a complaint bears an affirmative defense such as the statute of limitations and is therefore frivolous on its face.").

> For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d

---

[4] In this regard, although plaintiff served his sentence, a habeas action is not moot if it seeks to vacate convictions to avoid collateral consequences. *See Spencer v. Kemna*, 523 U.S. 1, 8 (1998) ("In recent decades, we have been willing to presume that a wrongful criminal conviction has continuing collateral consequences[.]").

>44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

*Washington v. Woodard*, No. 2:25-cv-11, 2025 WL 2774856 at *5 (W.D. Mich. Sept. 30, 2025). With respect to the plaintiff's other claims, 42 U.S.C. §1985 also has a three-year statute of limitations period, while 42 U.S.C. §1986 has a one-year limitations period. *See Phifer v. City of Grand Rapids, Michigan*, 657 F. Supp. 2d 867, 873 (W.D. Mich. 2009); 42 U.S.C. § 1986 ("no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued").

Based on his allegations, plaintiff was aware of the alleged injury when defendants Melanie Unknown and Jessica Boelenberg failed to send him documents in 2011, 2012, and 2016. The three-year statute of limitations expired at the latest in 2019, years before plaintiff filed this lawsuit on April 25, 2025. Accordingly, plaintiff's claims against these two defendants should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. MDOC defendants

Plaintiff alleged that some MDOC employees failed to provide him with state court documents from 1997, *i.e.*, defendants Pat Popoff, Melissa Lewis, C. Grenier, and non-party D. Taylor. As discussed, the actions of defendants Popoff and Lewis occurred in 2013, and the actions of defendants Grenier and Taylor occurred in 2018. Based on his allegations, plaintiff was aware of the alleged injury when defendants Popoff, Lewis, and Grenier, and non-party Taylor responded to his requests in 2013 and 2018. The three-year statute of limitations expired against defendants Popoff and Lewis in 2016, and against defendant Grenier and non-party Taylor in 2021, years before plaintiff filed this lawsuit. Accordingly, these claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

With respect to defendants Cynthia Partridge and Heidi Washington, plaintiff alleged nothing other than that these defendants denied an unidentified grievance in 2019. As an initial matter, plaintiff's conclusory allegations against Partridge and Washington fail to state a claim. A complaint based upon "unadorned, the - defendant[s] - unlawfully - harmed - me accusation[s]" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. Next, plaintiff has no cause of action against defendants Partridge and Washington. Section 1983 liability may not be imposed simply because an official denied an administrative grievance. "[T]he denial of a grievance or the failure to act upon the filing of a grievance is insufficient to establish liability under § 1983." *Johnson v. Aramark*, 482 Fed. Appx. 992, 993 (6th Cir. 2012), citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999). Finally, because Partridge and Washington allegedly acted in 2019, the three-year statute of limitations against them expired in 2022, years before plaintiff filed this lawsuit. Accordingly, these claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. RECOMMENDATION

For all of these reasons, I respectfully recommend that this lawsuit be **DISMISSED**.

Dated: October 8, 2025         /s/ Ray Kent
                               RAY KENT
                               United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).